UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>NEWSOM,<br><br>　　　　　　　Respondent. | No. 2:24-cv-0680 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, filed this action under 28 U.S.C. §2254. Before the court are petitioner's petition for a writ of habeas corpus for screening and his request to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

　　　　Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that

1

no tenable claim for relief can be pleaded were such leave to be granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

Petitioner's filing is difficult to decipher. As best this court can tell petitioner is challenging two things. First, petitioner identifies a 1994 conviction from the Los Angeles County Superior Court as the conviction he challenges. However, petitioner states that he was acquitted of the charged crime. Petitioner then indicates he sought relief under California Penal Code §1485.55 and Senate Bills 1134 and 1473. Under Penal Code §1485.55, if a court finds a person factually innocent of a crime and vacates or reverses the judgment of conviction, the person may seek compensation for the time they were incarcerated. See also Cal. Penal Code §4904; Larsen v. California Victim Comp. Bd., 64 Cal. App. 5th 112 (2021) (federal habeas court's finding that Larsen innocent was a binding finding of factual innocence in proceeding under Penal Code §1485.55 before the state Victim Compensation Board). Petitioner then makes a reference to a "committee meeting" in the governor's office. This court construes the petition as a challenge to the denial of compensation under state law.

Petitioner has raised this claim challenging a denial of compensation under section 1485.55 previously in a habeas petition in this court. See McKinney v. Newsom, No. 2:19-cv-1695-EFB P, 2020 WL 2126606 (E.D. Cal. May 5, 2020), rep. and reco. adopted, 2020 WL 4347733 (E.D. Cal. July 29, 2020). As petitioner was informed in that case:

> The amended petition does not state a cognizable federal habeas claim. Federal habeas relief is available only where a petitioner is in custody in violation of the Constitution or the laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). California's denial of petitioner's tort claim, even if erroneous under California law, does not invoke any violation of federal law.

Id. at *1.

Petitioner also raised this claim in an action under 42 U.S.C. §1983 in the United States District Court for the Central District of California. McKinney v. Cnty. of Imperial, No. CV 18-7198 JAK (FFM), 2019 WL 384323, at *2 (C.D. Cal. Jan. 3, 2019), rep. and reco. adopted, 2019 WL 367826 (C.D. Cal. Jan. 30, 2019). The court rejected petitioner's claim for a variety of reasons, including that he failed to identify a constitutional basis for it.

For the reasons stated in the two cases referenced above, the petition should be dismissed. Petitioner's claim is not a habeas claim because it does not challenge his conviction and sentence. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."); McKinney v. Newsom, 2020 WL 2126606, at *1.

While petitioner's claim could be construed as an attempt to raise a claim under 42 U.S.C. §1983, he does not state a federal law basis for that claim as required by the statute. In some circumstances, a court may convert a habeas petition to a civil rights suit under 42 U.S.C. §1983. While the Central District court indicated petitioner might be able to amend the §1983 complaint in that case to state a claim, this court finds no basis to convert the present action to a civil rights action. There are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. This court will not recommend converting the habeas petition to a complaint under §1983.

Petitioner also seeks the appointment of counsel. Because this court finds no basis to proceed with this case, appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner's request for the appointment of counsel (ECF No. 3) is denied; and

3. The Clerk of the Court shall randomly assign a district judge to this case.

////

3

1     Further, IT IS RECOMMENDED that the petition be dismissed without prejudice.

2     These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In the objections, petitioner may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  April 15, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/S/mcki0680.fr