UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>          Petitioner,<br><br>    v.<br><br>NEWSOM,<br><br>          Respondent. | No. 2:24-cv-00680-DAD-SCR<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION<br><br>(Doc. Nos. 7, 8) |

       Petitioner Alonzo McKinney[1] is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On April 16, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed, without prejudice, because it does not challenge his underlying state court conviction and sentence. (Doc. No. 7 at 3.) Rather, the magistrate judge found that the pending, difficult to decipher, petition was an attempt by petitioner to challenge the denial of his compensation request under state law after he was acquitted in a state court criminal proceeding. (*Id.* at 2.) The magistrate judge also recommended that the court decline to re-characterize the petition as a civil rights complaint pursuant to 42

---

[1] The pending petition contains multiple different spellings of petitioner's name. (Doc. No. 1 at 1.) In this order, the court refers to petitioner as Alonzo McKinney.

1

U.S.C. § 1983 out of a concern that "a civil rights complaint which is dismissed as malicious, frivolous, or failure to state a claim would count as a 'strike' under 28 U.S.C. § 1915(g)[.]" (*Id.* at 3.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. (*Id.* at 4.) On April 29, 2024, petitioner filed a motion for appointment of counsel to oppose the findings and recommendations, notify the court of a change of address, and timely objections to the findings and recommendations. (Doc. No. 8.)

Petitioner's objections are also difficult to decipher but appear to raise a separate legal issue than that stated in his original petition. (Doc. No. 8.) Petitioner now appears to argue that, instead of challenging the denial of his request for compensation, he is instead challenging that some prior state conviction he suffered was pursued in state rather than federal court. (*See id.* at 1.) However, this does not meaningfully address the deficiencies in his pending federal habeas petition identified by the magistrate judge. In particular, petitioner does not address that he is not challenging any state court conviction and sentence he suffered by seeking compensation for false imprisonment. *See McKinney v. Newsom*, No. 2:19-cv-1695-EFB-P, 2020 WL 2126606, at *1 (E.D. Cal. May 5, 2020) (finding that this same petitioner did not state a cognizable claim for federal habeas relief when seeking damages for false imprisonment), *report and recommendation adopted*, 2020 WL 4347733 (E.D. Cal. July 29, 2020). While the undersigned recognizes that petitioner's allegations, if advanced with some degree of specificity and clarity, could conceivably give rise to a cognizable § 1983 claim or a cognizable federal habeas petition different from the one now before this court, the pending petition must be dismissed because it fails to state a cognizable claim for federal habeas relief.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 16, 2024 (Doc. No. 7) are adopted;
2. The operative petition for a writ of habeas corpus (Doc. No. 1) is dismissed;
3. Petitioner's motion for appointment of counsel (Doc. No. 8) is denied as having been rendered moot by this order;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **October 21, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3